```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

EMANUEL A. TOWNS,

                                Plaintiff,

    -against-

CORNERSTONE BAPTIST CHURCH, et al.,

                                Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-cv-6809 (KAM)(LB)

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On November 19, 2014, plaintiff Emanuel Towns ("plaintiff" or "Mr. Towns"), commenced this action against Cornerstone Baptist Church ("Cornerstone"), Cornerstone's pastor Lawrence Aker, and twenty individuals associated with Cornerstone in varying capacities ("Cornerstone defendants") as well as the City of New York, Michael R. Bloomberg, Bill de Blasio, Raymond Kelly, William J. Bratton, Charles Hynes, and Ken Thompson ("City defendants")[1] (collectively, "defendants"). (ECF No. 1, Complaint.) Plaintiff has amended his complaint twice and the currently operative complaint is the Third Amended Complaint filed on April 21, 2015. (ECF No. 60, Third Amended Complaint ("TAC").)

---

[1] Plaintiff voluntarily dismissed Attorney General Eric T. Schneiderman from this action on February 13, 2015. (ECF No. 31, Stipulation and Order, dated Feb. 13, 2015.)

On March 21, 2015, plaintiff moved for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). (ECF No. 48, Mot. for Preliminary Injunction.) Plaintiff seeks the following specific relief: to restrain defendants "from preventing plaintiff from [e]xercising his First Amendment right of religious freedom at a place of religious worship, without being the [sic] subjected to threat of force, intimidation and/or interference in accord with 18 U.S.C. § 248(a)(2), 42 U.S.C. § 1981 and/or 42 U.S.C. § 1983, etc."; and "[d]irecting that each of the named defendants in the within action refrain from taking any steps from precluding said plaintiff Towns from freely and/or openly worshiping at the defendant Cornerstone Baptist Church and/or freely and/or openly associating with persons thereat on all occasions said defendant Cornerstone Baptist Church, has its regularly scheduled worship services and/or on such other occasions that the said defendant Cornerstone Baptist Church has its doors open to the public." (*Id.*)

On March 24, 2015, the court referred plaintiff's motion for preliminary injunction to Judge Bloom for report and recommendation ("R&R"). On July 20, 2015, Judge Bloom issued a R&R recommending that the court deny plaintiff's motion for a preliminary injunction because plaintiff cannot demonstrate the

likelihood of success of his claims on the merits. (ECF No. 48, R&R, at 5.) As an initial matter, the R&R recommended that the relief plaintiff seeks requires the court to weigh in on a non-justiciable religious controversy which is prohibited by the First and Fourteenth Amendments of the United States Constitution. (*Id*.) The R&R nonetheless went on to consider plaintiff's substantive claims and recommended that the Freedom of Access to Clinic Entrances ("FACE") Act, 18 U.S.C. § 248, does not apply to plaintiff's factual allegations and that plaintiff has failed to demonstrate likelihood of success on his claims pursuant to 42 U.S.C. §§ 1981 and 1983. (*Id*. at 7-10.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In light of plaintiff's objections, the court has conducted a *de novo* review of Judge Bloom's Report and Recommendation.

First, plaintiff objects to the R&R's recommendation that his request for injunctive relief is a non-justiciable religious controversy on the ground that Judge Bloom has misapplied the relevant law. (ECF No. 76, Pl.'s Mem. of Law in Support of Objections ("Pl.'s Mem.").) As Judge Bloom's R&R cogently presented, the law is clear that civil courts may not adjudicate matters of ecclesiastical cognizance, *see, e.g.*, *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708-11 (1976), and thus this court may not review Cornerstone's decision to exclude plaintiff from its religious community. (*See* R&R at 5) (quoting *Rweyemanu v. Cote*, 520 F.3d 198, 205 (2d Cir. 2008) ("The Free Exercise Clause protects . . . a religious institution's right to decide matters of faith, doctrine, and Church governance.")) The parties do not dispute that plaintiff's exclusion stems from disagreements with other congregants about church governance and religious belief. (*See, e.g.*, Pl.'s Mem. at 11 ("plaintiff did not become a subject to the newly crafted 'exclusionary doctrine' until after his September 29th, 2013, religious proclamation, and thus raises to the fore the Cornerstone defendants' irate desire to punish plaintiff for his personal religious beliefs . . .").) The court adopts the R&R's analysis that "[a]ny court order authorizing plaintiff to return

to Cornerstone would unconstitutionally prefer one side over the other in this religious dispute."[2] (R&R at 7) (citing cases).

Plaintiff cites *United States v. Moon*, 718 F.3d 1210 (2d Cir. 1983) in support of his argument that the First Amendment cannot shield defendants from judicial inquiry here. (Pl.'s Mem. at 4.) In *United States v. Moon*, however, the relevant question was whether the First Amendment foreclosed a court, in a criminal prosecution for tax fraud, from distinguishing a church's use of funds--specifically whether the funds were being used for a "religious purpose" or "business investments and personal ends." *Moon*, 718 F.3d at 1227. The facts and posture of *United States v. Moon* are inapposite and do not apply here.

Plaintiff also challenges Judge Bloom's recommendation that the FACE Act does not apply on the ground that she misinterpreted the statute. The court finds Judge Bloom's analysis of legislative history and the text of the statute to be well-reasoned and adopts her recommendation that Cornerstone's exclusion of plaintiff is not proscribed by the FACE Act. (R&R at 7-8.) Additionally, the court finds that plaintiff has also

---

[2] Plaintiff appears to also challenge whether a church may call upon the City to enforce civil trespass laws to enforce this exclusion. The church has rights of free exercise and association as well and "can call upon the City to enforce civil trespass laws without entangling the City in an internal religious dispute." *Ferreira v. Harris*, 06-CV-0163, 2006 WL 1720546, at *3 (N.D. Okla. June 20, 2006). In fact, failure to enforce civil trespass laws would necessarily violate Cornerstone's First Amendment rights to free exercise and association.

5

failed to allege or otherwise demonstrate that defendants have committed any acts to constitute "force or threat of force or [] physical obstruction" to intimidate or interfere with plaintiff's access to Cornerstone in violation of the FACE Act. 18 U.S.C. § 248(a)(2). Cornerstone's October 10, 2013 letter stating that plaintiff does not have permission to enter Cornerstone (ECF No. 48-1) and the presence of police officers at Cornerstone on two consecutive Sundays do not constitute "force or threat of force or [] physical obstruction" pursuant to the FACE Act.[3]

Plaintiff further objects that the R&R misapplied the joint state action doctrine in its analysis of plaintiff's conspiracy claim under 42 U.S.C. § 1983. Upon *de novo* review, the court adopts the R&R's recommendation that plaintiff's allegations are insufficient to demonstrate a likelihood of success of his § 1983 conspiracy claim on the merits for the reasons stated in the R&R. Additionally, plaintiff has failed to demonstrate likelihood of success on his underlying constitutional deprivation, further indicating that his conspiracy claims are also unlikely to succeed. *See, e.g.*, *King v. New York*, 99-cv-3669, 2007 WL 959696,

---

[3] Plaintiff also objects that Judge Bloom's previous order granting him leave to amend his complaint to add a FACE claim is inconsistent with her R&R recommending denial of an injunction based upon the FACE claim. Judge Bloom's decision granting him leave to amend his complaint does not undermine the legal analysis she conducted in considering plaintiff's motion for a preliminary injunction and finding that plaintiff's FACE claim is not likely to succeed on the merits.

6

at *14 (E.D.N.Y. March 30, 2007) (dismissing conspiracy claims because court found no underlying deprivation of plaintiff's rights).

Lastly, plaintiff objects to the R&R's recommendation that plaintiff is not likely to succeed on his 42 U.S.C. § 1981 claim on the ground that his allegations were not conclusory. Upon *de novo* review, *t*he court adopts the R&R's analysis that plaintiff's allegations are insufficient to establish the necessary discriminatory animus for a successful § 1981 claim.

For the foregoing reasons, the court adopts the R&R in its entirety. Consequently, the court denies plaintiff's motion for a preliminary injunction.[4]

**SO ORDERED.**

Dated: February 29, 2016
       Brooklyn, New York

                                    _____ ___/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge

---

[4] The court reminds the parties that in future submissions they are to follow the page limits as set forth in any court orders and Chambers Practices. A party may file a request to submit excess pages but must provide reasons why the excess pages are necessary.