UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

EMANUEL A. TOWNS,

                        Plaintiff,

    -against-

CORNERSTONE BAPTIST CHURCH, et al.,

                        Defendant.
----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-cv-6809 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

On November 19, 2014, plaintiff Emanuel Towns ("plaintiff" or "Mr. Towns"), commenced this action against Cornerstone Baptist Church ("Cornerstone"), Cornerstone's pastor Lawrence E. Aker III, and twenty individuals associated with Cornerstone in varying capacities ("Cornerstone defendants"), as well as the City of New York, former and current New York City Mayors Michael R. Bloomberg and Bill de Blasio, former and then current New York City Police Commissioners Raymond Kelly and William J. Bratton, and former and current Kings County District Attorneys Charles Hynes and Ken Thompson ("City defendants")[1] (collectively, "defendants"), alleging defendants violated his federal civil rights under 42 U.S.C. §§ 1981, 1983, 1985(3), the

---

[1] Plaintiff voluntarily dismissed Attorney General Eric T. Schneiderman from this action on February 13, 2015. (Stipulation and Order dated Feb. 13, 2015, ECF No. 31).

Freedom of Access to Clinic Entrances ("FACE"), 18 U.S.C. § 248, as well his rights under certain state and common laws. (Complaint, ECF No. 1). Plaintiff has amended his complaint twice and the operative complaint is the Third Amended Complaint filed on April 21, 2015. (Third Amended Complaint ("TAC"), ECF No. 60).

On March 24, 2015, the court referred the Cornerstone and City defendants' motions to dismiss to Magistrate Judge Lois Bloom for a report and recommendation. On December 13, 2015, the defendants submitted their motions to dismiss the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff also submitted his opposition to the motions to dismiss on October 13, 2015. (ECF Nos. 88-97). On June 13, 2016, Judge Bloom issued a Report and Recommendation ("R&R"), recommending that the court grant defendants' motions to dismiss. (R&R, ECF No. 102 at 2). The R&R recommended that the action be dismissed with prejudice because the relief plaintiff seeks requires the court to resolve a non-justiciable religious controversy which is prohibited by the First and Fourteenth Amendments of the United States Constitution. (*Id.* at 6-7). The R&R nonetheless considered plaintiff's claims and recommended that the court find that plaintiff's allegations pursuant to the Freedom of Access to Clinic Entrances ("FACE") Act,

18 U.S.C. § 248, failed to state a plausible claim, and that plaintiff has failed to state plausible claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and various state statutes and common laws. (*Id.* at 7-26).

The R&R notified the parties that the deadline to file objections to the R&R was within fourteen days of service of the R&R. (R&R, ECF No. 102 at 27). Plaintiff, on June 22, 2016, sought an extension of time to file his objections to the R&R. (ECF No. 103). Judge Bloom, on June 27, 2016, granted plaintiff's request for a 14 day extension to file his objections. (ECF No. 104). On July 11, 2016, plaintiff objected to the R&R. (Plaintiff's Objections to the R&R ("Pl. Objs."), ECF No. 105). Defendants responded to plaintiff's objections on July 25, 2016. (ECF Nos. 106-108).

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y.

2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Although a *pro se* party's objections are "generally accorded leniency" and should be construed to "raise the strongest arguments that they suggest," *Milano v. Astrue*, No. 05-CIV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008), a *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CIV-5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (citation and internal quotations marks omitted). The court notes, however, that plaintiff is an attorney, although he is currently suspended from the practice of law in New York State. (Motion for Pre-motion Conference, ECF No. 6). Thus, "the degree of solicitude" the court should afford plaintiff's objections is less than the ordinary *pro se* litigant who is not "experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

The court first notes that plaintiff's objections are conclusory and are repetitive of arguments he made in his opposition to the motions to dismiss. District courts often apply a clear

4

error standard of review where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181 (SJF)(ETB), at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" made in previous submissions.) (citation and internal quotation marks omitted); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection."); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

Despite plaintiff's conclusory objections, which rehash the same arguments from his opposition to the motions to dismiss, the court has conducted a *de novo* review of the record. As set forth below, the court finds that plaintiff's claims arising from his dispute with his church, are non-justiciable and, alternatively, that plaintiff's TAC fails to state a claim upon which relief may be granted. Accordingly, the court adopts Judge Bloom's thorough and well-reasoned R&R in its entirety and dismisses the TAC with

prejudice.

The court presumes familiarity with the underlying facts and procedural history as set forth in greater detail in Judge Bloom's August 18, 2016 Report and Recommendation. (R&R, ECF No. 102 at 2-5). First, plaintiff objects to the R&R's recommendation that his controversy is a non-justiciable religious controversy on the ground that Judge Bloom has misapplied the relevant law. (Pl. Objs., ECF No. 105 at 7-9). As Judge Bloom's R&R cogently reasoned, the law is clear that civil courts may not adjudicate matters of ecclesiastical cognizance, *see, e.g.*, *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708-11 (1976), and thus, this court may not review Cornerstone's decision to exclude plaintiff from its religious community. (R&R, ECF No. 102 at 6) (quoting *Rweyemanu v. Cote*, 520 F.3d 198, 205 (2d Cir. 2008) ("The Free Exercise Clause protects . . . a religious institution's right to decide matters of faith, doctrine, and Church governance.")). Plaintiff alleges that his exclusion from the church stems from his ongoing disagreements with the pastor, Board of Deacons and other congregants about church governance and religious belief. (*See, e.g.*, TAC, ECF No. 60 at ¶¶ 123, 149-57, 162-66, 174, 184-214, 254-58; Plaintiff's Opposition to the Motions to Dismiss, ECF No. 95 at 9 ("[P]laintiff has been barred from worshipping at defendant

Cornerstone Baptist Church, if not solely, primarily as a result of [his] Religious Protest Proclamation of September 29, 2013.")). The court adopts the R&R's sound analysis and conclusion that "Cornerstone's decision to exclude plaintiff from its property is not a controversy that this Court can adjudicate, but rather presents a non-justiciable religious controversy." (R&R, ECF No. 102 at 6-7) (citing *Ram v. Lal*, 906 F. Supp. 2d 59, 70 (E.D.N.Y. 2012)(collecting cases that hold disputes relating to a religious organization's memberships are matters of ecclesiastical cognizance)).

Plaintiff cites *Bronx Household of Faith v. Bd. Of Educ.*, 750 F.3d 184 (2d Cir. 2014) in support of his argument that his claim is justiciable. (Pl. Objs., ECF No. 105 at 7-8). In *Bronx Household of Faith*, however, the relevant question was whether a governmental agency could, in furtherance of the Free Exercise and Establishment Clauses of the First Amendment, bar religious services from being held at government-owned facilities. *Bronx Household of Faith*, 750 F.3d at 187. Here, the question involves a privately-incorporated religious institution's ability to bar a former church member from entering its property because of ongoing disputes. The facts of *Bronx Household of Faith* are inapposite and do not apply here. Judge Bloom found, and the court agrees, that the "non-

justiciability of plaintiff's action is a sufficient ground for dismissal of plaintiff's Third Amended Complaint." (ECF No. 102, R&R at 7). Accordingly, the court adopts Judge Bloom's recommendation that the Third Amended Complaint be dismissed with prejudice.

Judge Bloom in her R&R, reviewed all of plaintiff's allegations for the sake of completeness and found, in the alternative, that even if plaintiff's controversy were justiciable, plaintiff failed to state any claim upon which relief may be granted. (ECF No. 102, R&R at 7). Upon *de novo* review, the court finds plaintiff's objections to be meritless, and finds that even if plaintiff's controversy were justiciable, plaintiff fails to state a claim upon which relief may be granted.

Upon a *de novo* review of the record, the court adopts, in its entirety, Judge Bloom's thorough and well-reasoned R&R and finds that plaintiff fails to state a claim upon which relief may be granted. Accordingly, for the reasons set forth above, the Third Amended Complaint is dismissed with prejudice because leave to amend would be futile. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Mercado v. Quantum Servicing Corp.*, No. 15-CV-1500, 2015 WL 1969028, at *5 (E.D.N.Y. Apr.29, 2015).

The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket within two business days of entering this Memorandum and Order. The Clerk of Court is further respectfully directed to enter judgment in favor of defendants, to serve the *pro se* plaintiff with a copy of the judgment and the appeals packet, and to close this case.

**SO ORDERED.**

Dated:   September 30, 2016
         Brooklyn, New York

                                              _____  ___/s/_____
                                              Kiyo A. Matsumoto
                                              United States District Judge